THOMAS F. CHASE *& ux.*, *in Eq.*, *versus* ELBRIDGE G. SAVAGE *& als.*

Immediately following the record of a notice for the foreclosure of a mortgage was the following certificate, signed by the register of deeds : — " Somerset, Feb. 15, 7 1-2 A. M., 1859. Received and copied the above notice of foreclosure from the Republican Clarion, a weekly newspaper printed at Skowhegan, in said county, bearing date Jan. 19, 1859, vol. 18, No. 32, having been published in said paper three weeks successively, as appears by papers shown at this office." In a bill in equity to redeem the mortgage : — *Held*, that the certificate of the register sufficiently indicated " the name and date of the newspaper in which" the notice " was last published."

The record of the notice of a foreclosure of a mortgage is the only proper evidence of the time when the "right of redemption will be forever foreclosed;" and a person seeking to redeem a mortgage trusts to other sources for such information at his peril.

CUTTING, J. — BILL IN EQUITY to redeem a mortgage from one John Dinsmore and Chase, dated Oct. 2d, 1857, to Nicholas Smith, to secure a note to Smith of that date, payable in one year with interest, for the sum of $159.

In this suit, the principal question upon its merits is, whether or not the mortgage has been legally foreclosed. If so foreclosed, then the complainants have no equities,

and all other questions raised and discussed by the parties become immaterial.

It appears, that a process for foreclosure was instituted under the provisions of R. S., c. 90, § 5, which provides, that the mortgagee, after a breach of the condition, may give public notice in a newspaper printed in the county where the premises are situated, if any, or if not, in the State paper, three weeks successively, of his claim by mortgage on such real estate, describing the premises intelligibly, and naming the date of the mortgage, and that the condition in it is broken, by reason whereof he claims a foreclosure ; and cause a copy of such printed notice, and the name and date of the newspaper in which it was last published, to be recorded in each registry of deeds in which the mortgage deed is, or by law ought to be recorded, within thirty days after such last publication, — the certificate of the register of deeds shall be *prima facie* evidence of the fact of such publication of foreclosure. Section 6. The mortgager, or person claiming under him, may redeem the mortgaged premises within three years next after the first publication.

No objection has been made as to the legality of the notice for foreclosure, dated Jan. 3, 1859, but has been made as to the effect of the register of deeds' certificate, who certifies as follows, to wit :—

"Somerset, Feb. 15, 7½ A. M., 1859. Received and copied the above notice of foreclosure from the Republican Clarion, a weekly newspaper printed at Skowhegan, in said county, bearing date Jan. 19, 1859, vol. 18, No. 32, having been published in said paper three weeks successively as appears by papers shown at this office.

"M. R. Hopkins, *Register.*"

The only objection taken to this certificate of the register is that he does not certify in so many words " the name and date of the newspaper in which it was last published."

But it sufficiently appears that the name and date was given, and that the notice had been published three weeks

successively; the conclusion, therefore, is irresistible, that the certificate was made from the paper last published. *Certum est quod certum reddi potest.*

The antecedent of a weekly paper published on the 19th, must have been published on the 12th and the one next prior to that on the 5th of January, 1859, from which time the foreclosure commenced, and became absolute on January 5th, 1862, the three years for the redemption having then terminated.

Still, assuming the foregoing construction to be correct, the complainants contend, and have alleged in their bill, that " said Thomas F. Chase applied to said Smith for information as to the time when the mortgage would be foreclosed, and said Smith, with the design to defraud your orators, informed said Chase that it would foreclose on the fifteenth day of January, A. D. 1862, when he well knew that the same would be foreclosed on the fifth day of January, 1862." Whereby, in consequence of such fraudulent information, the party interested was induced to delay payment until after foreclosure.

The answer is an indignant denial of that allegation, and the allegation is not sustained by the evidence. Besides, the record was the only fountain from which such information could flow. To that place all parties interested could and must resort. Otherwise, the record, designed to protect the interests of all, becomes a nullity, since it might be avoided by parol testimony, or the weight of testimony as judicially decided, based upon the imperfection of human memory, rather than the recorded certainty.

Thus we have disposed of the bill upon its merits, which relieves us of the consideration of the various grounds taken by the respondent's counsel as to its multifariousness and

misjoinder of the opposing parties, both of which are well sustained by his authorities.

*Bill dismissed, with costs for respondents.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.